DAISY RHEM PATRICK v. BRANCH BANKING & TRUST COMPANY,
    GUARDIAN OF HOSEA COLLINS RHEM, DISABLED VETERAN.

(Filed 3 November, 1954.)

**Insane Persons § 9b—**

In a proceeding requesting an increase in the allowance to the dependent of a permanently insane veteran, all persons who would be entitled to a distributive share of the estate in case of death are necessary parties, and the Veterans Administration is a proper party. G.S. 35-23; G.S. 35-28; G.S. 35-29.

DEFENDANT's appeal from *Frizzelle, J.,* LENOIR.

On 13 February, 1954, Daisy Rhem Patrick filed a verified petition before the Clerk of the Superior Court of Lenoir County, asking for an increase in the allowance ordered paid to her in the *former proceeding* between the same parties instituted 21 February, 1939. Reference is made to the allegations in the original petition which are fully summarized in this Court in the case on appeal reported in 216 N.C. 525, 5 S.E. 2d 724.

The new allegations in the present petition are: The cost of living has greatly increased; the petitioner's ability to supplement her allowance has diminished by reason of her health and age; the fund in the hands of the guardian has increased to more than $35,000.

The guardian answered, denying the allegation of inability of petitioner to supplement her income by her earnings. The guardian requested the court to conserve the estate of the non-sane veteran.

The allegations in the original complaint, which are referred to in the present one, are that the veteran is and has been since 1918 mentally incompetent, and since that date has been confined in the Veterans Hospital, probably suffering from incurable insanity, and that he will probably remain so confined during the remainder of his life. That the veteran, Hosea Collins Rhem, is of full age, unmarried and without issue. The veteran's next of kin are the petitioner, who is a sister, one brother,

Alonzo Rhem of New York City, and one niece, Jessie May Fisher, of Lenoir County, who has instituted a proceeding similar to this and for the purpose of obtaining an allowance from the veteran's fund. The respondent is the duly qualified and acting guardian of the veteran.

After hearing, the clerk stated his findings of fact and conclusions of law and ordered the guardian to increase the allowance from twenty dollars per month to seventy-five dollars per month. The judgment awarded attorney's fees in the sum of $650.00. It was provided that the monthly allowance and the attorney's fees should be charged as an advancement to the petitioner.

Judge Frizzelle reviewed the clerk's findings of fact, conclusions of law, and approved the order. The guardian appealed. There were no parties to the proceeding other than the petitioner and the guardian. The record does indicate the Veterans Administration was informally notified of the hearing but did not participate.

*Allen & Allen and Lamar Jones for petitioner, appellee.*
*John G. Dawson for defendant, appellant.*

PER CURIAM. G.S. 35-23 requires that all persons be made parties who would be entitled to a distributive share in the estate in case of death. G.S. 35-28 provides the allowance shall be made only in case of permanent insanity. G.S. 35-29 provides that the advancements shall cease in case the veteran is restored to sanity.

The next of kin are necessary parties to the proceeding under the first section above quoted. The Veterans Administration would appear to be a proper party under the two succeeding sections.

The case is remanded to the Superior Court of Lenoir County in order that additional parties may be brought in and an opportunity given them to be heard.

Remanded.